## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| AES CONSTRUCTION, INC.,<br><br>                   Plaintiff,<br><br>        vs.<br><br>GUAM WANFANG CONSTRUCTION,<br>LTD., and DOES 1 through 10, inclusive,<br><br>               Defendants. | **Superior Court Case No. <u>CV0798-18</u>**<br><br>**DECISION AND ORDER<br>RE MOTION TO AMEND<br>SCHEDULING ORDER AND<br>DISCOVERY PLAN TO ALLOW<br>DISCLOSURE OF EXPERT** |

Defendant Guam Wanfang Construction, Inc., asks the Court to extend the deadline for identifying experts for trial. Having considered the parties' arguments and applicable law, the Court DENIES Wanfang's Motion.

## I.   <u>FACTUAL AND PROCEDURAL HISTORY</u>

Plaintiff AES Construction, Inc., is suing Wanfang for Breach of Contract, Quantum Meruit and Quantum Valebant and Foreclosure of Mechanic's Lien claims. Compl. (Aug. 20, 2018). AES alleges it agreed to provide "design services for a minimum of 240 residential condominiums" on Wanfang's property, which services Wanfang later refused to pay for completely. *Id.* at ¶¶ 7, 15. Wanfang denies AES's allegations and instead alleges AES failed to satisfy certain conditions in their contract, delaying the project and causing it harm. Answer at 4-6 (Sept. 20, 2018).

Under the parties' current discovery plan, disclosures under Guam Rule of Civil Procedure 26(a)(2) were due by May 9, 2019, and discovery cut off on September 30, 2019.

ORIGINAL

Sched. Order and Disc. Plan (Dec. 11, 2019). Wanfang now seeks to extend the deadline for identifying experts for trial under Rule 26(a)(2) because it claims evidence obtained during discovery prompted it to seek an expert to review the evidence. Mot. Amend at 2 (Oct. 9, 2019). AES argues Wanfang failed to conduct active discovery and therefore lacks good cause to change the parties' deadlines. Opp'n at 3 (Nov. 6, 2019). It also asserts that it would be prejudiced if deadlines changed now because trial is imminent. *Id*. at 13. The parties' trial date is March 16, 2020. Order Resetting Case Sched. (Mar. 6, 2019).

## II.    LEGAL DISCUSSION

A scheduling order deadline "may be extended only upon a good cause finding by the Court." CVR 16.5; *see also* GRCP 16(b) ("A scheduling order shall not be modified except upon a showing of good cause and by leave of the court."). A "good cause" inquiry focuses on the reasonable diligence of the moving party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Wanfang states that it did not realize it needed an expert until it received AES's discovery response, and the response lacked a soil testing report. Reply at 7 (Nov. 20, 2019). This lack of a report prompted Wanfang to "go[] out to discuss with potential experts why there was a need for that report and the timing under the contract when the report should have been completed." Reply at 5.

The Court finds Wanfang's "unexpected" need for an expert unpersuasive. Contrary to Wanfang's assertion that it "always presumed there was a report...[only] to find out in discovery that apparently there was no report," Reply at 7, its Answer presupposes that AES never had the report: "AES was supposed to provide a soil testing report for project site...[o]n

ORIGINAL

information and belief, AES never obtained the report due to AES not paying the subcontractor who was performing these services." Answer at 4, ¶ 13. Wanfang could have therefore sought an expert on the subject matter it now seeks before the May 9 deadline. Accordingly, the Court finds that Wanfang has not demonstrated good cause to extend the deadline for identifying experts for trial.

### III.   CONCLUSION

Based on the aforementioned reasons, the Court hereby DENIES Wanfang's Motion to Amend Scheduling Order and Discovery Plan to Allow Disclosure of Expert.

SO ORDERED this 12th day of December 2019.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_Bronze_

_Cook_

Date: _12/12/19_ _2r_

_____
Clerk, Superior Court of Guam

Appearing Attorneys:
Jacques G. Bronze, Esq., Law Offices of Jacques G. Bronze, P.C., for Plaintiff AES Construction, Inc.
Jeffrey A. Cook, Esq., Law Offices of Cunliffe & Cook, for Defendant Wanfang Construction, Inc.

ORIGINAL